UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO AGUILAR.,

             Plaintiff,

     v.

AMADOR COUNTY SHERIFF'S
DEPARTMENT, et al.,

             Defendants.

No.  2:22-cv-02013 WBS DB P

ORDER

Plaintiff, an inmate at the Calaveras Adult Detention Facility, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on November 7, 2022 (ECF No. 1) is before the court for screening. For the reasons set forth below, the complaint's allegations fail to state a claim. Plaintiff is granted leave to file an amended complaint within 30 days of service of this order.

**I.      In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 7.) Plaintiff's declaration motion makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

### III.  Allegations in the Complaint

When plaintiff was confined at the Amador County Jail, he was denied the opportunity to go outside for months because the yard contained a Covid-19 tent with no one in it. (ECF No. 1 at 3.) Plaintiff asked for yard multiple times but was denied. (Id.) Plaintiff not allowed to leave his cell because staff did not want to do their jobs. (Id.)

During lockdown due to the Covid-19 pandemic, plaintiff was served something completely frozen and inedible for his special religious diet meal. (ECF No. 1 at 4.) In addition, staff did not use gloves to pass out food. (Id.) Plaintiff alleges these issues denied him his rights under the First Amendment. (Id.)

Defendants are the Amador County Sheriff's Department and Correctional Captain Jeremy Martan. (ECF No. 1 at 2.) Plaintiff seeks monetary damages. (Id. at 6.)

### IV.  Discussion

#### A.  Improper Defendant – Sheriff's Department

As an agency of the State of California, the Amador County Sheriff's Department is not a "person" that can be sued for monetary damages under 42 U.S.C. § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (discussing persons subject to suit under § 1983); Fischer v. Cahill, 474 F.2d 991, 992 (3rd Cir. 1992) (prison's medical department is not a "person" within the meaning of § 1983); O'Haire v. Napa State Hosp., No. C07-0002 RMW (PR), 2009 WL 2447752, at *1 (N.D. Cal. 2009) ("Napa State Hospital and California Department of Public Health are agencies and subdivisions of a state and, therefore, not "persons" for purposes of section 1983."). Because the Amador County Sheriff's Department is not a person that can be sued under § 1983, the complaint fails to state a claim against the sheriff's department.

#### B.  Defendant Martan

The sole named individual defendant is Correctional Captain Jeremy Martan. However, the complaint fails to state a claim against Captain Martan. The complaint contains no specific

factual allegations about how Captain Martan's actions or omissions caused the deprivations and harm allegedly suffered by plaintiff.

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

In addition, Captain Martan cannot be liable based solely on the fact of holding a supervisory position at the jail. See Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Therefore, in any amended complaint seeking to state a claim against Captain Martan, plaintiff must link Captain Martain with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. In other words, plaintiff should explain what Captain Martan did -- or failed to do -- in relation to the harm plaintiff allegedly suffered.

### B.    Denial of Outdoor Exercise or Recreation

In claim one, plaintiff contends he was denied the opportunity to go outside for months during the Covid-19 pandemic. It is not clear whether plaintiff was a pretrial detainee or was serving a sentence for a conviction at that time. If plaintiff was serving a sentence for a conviction, then the applicable standard is that of the Eighth Amendment, under which prison officials violate the Eighth Amendment if they are deliberately indifferent to a sufficiently serious threat to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (setting forth objective and subjective prongs). If plaintiff was a pretrial detainee, then the more protective Fourteenth Amendment standard governs his challenge to conditions of confinement. See Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004); Jackson v. Indiana, 406 U.S. 715, 738 (1972).

1    Either way, there is no bright line test to determine if and when an inmate is

2    constitutionally entitled to outdoor exercise. See Norbert v. City & Cnty. of San Francisco, 10

3    F.4th 918, 933 (9th Cir. 2021). "Lack of exercise may rise to a constitutional violation in extreme

4    and prolonged situations where movement is denied to the point that the inmate's health is

5    threatened." Smith v. Dart, 803 F.3d 304, 313 (7th Cir. 2015). For screening purposes, district

6    courts have found that inmates have stated potential constitutional conditions of confinement

7    claims based on allegations that prison officials instituted modified program operations in

8    response to the Covid-19 pandemic that severely restricted outdoor exercise). E.g., Marti v.

9    Manning, No. 2:21-CV-01829 DB P, 2022 WL 4348289, at *6 (E.D. Cal. Sept. 19, 2022) (citing

10   collected cases and finding such claims have regularly survived screening despite the possibility

11   of a legitimate justification).

12       Here, though, the complaint fails to state a constitutional claim based on the alleged denial

13   of the opportunity to go outside for months during the Covid-19 pandemic. As set forth above,

14   plaintiff has not identified a "person" allegedly responsible under section 1983, and the complaint

15   contains no factual allegations linking Captain Martan to the alleged deprivation. Plaintiff is

16   granted leave to amend this claim.

17       **C.    First Amendment**

18       Plaintiff also brings a claim under the First Amendment for denial of his religious

19   exercise. Inmates "have the right to be provided with food sufficient to sustain them in good

20   health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 197-98

21   (9th Cir. 1987). In some instances, allegations that prison officials refuse to provide a healthy diet

22   conforming to sincere religious beliefs can state a cognizable claim under § 1983 for denial of the

23   First Amendment right to free exercise of one's religious practices and beliefs. See id.; see also

24   Ward v. Walsh, 1 F.3d 873, 876-77 (9th Cir. 1993). "The free exercise right… is necessarily

25   limited by the fact of incarceration, and may be curtailed in order to achieve legitimate

26   correctional goals or to maintain prison security." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987);

27   see also Turner v. Safley, 482 U.S. 78, 89 (1987) ("When a prison regulation impinges on

28   inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate

5

1  penological interests.").

2        Here, the complaint's allegations do not state a cognizable claim under the First

3  Amendment. Plaintiff has not identified a "person" allegedly responsible under section 1983 for

4  the alleged denial of his religious exercise based on alleged inedible meals and staff not using

5  gloves. The sheriff's department, itself, is an improper defendant for the reason discussed above,

6  and the complaint contains no factual allegations linking Captain Martan to the alleged violation

7  of plaintiff's rights under First Amendment. Plaintiff is granted leave to amend this claim.

8        **V.      Conclusion and Order**

9        Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to

10  file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If

11  plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and

12  must state what each named defendant did that led to the deprivation of constitutional rights. See

13  Iqbal, 556 U.S. at 676-677. In any amended complaint plaintiff should clarify whether he was a

14  pretrial detainee or was serving a sentence for a conviction at the relevant time.

15        Plaintiff is not obligated to file an amended complaint. In the alternative, plaintiff may

16  notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin

17  Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned

18  will issue findings and recommendations to dismiss the complaint without further leave to amend,

19  after which plaintiff will be granted an opportunity to file objections, and a district judge will

20  determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff

21  does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which

22  will terminate this action by operation of law.

23        This opportunity to amend is not for the purpose of adding new claims. See George v.

24  Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should

25  focus efforts on curing deficiencies of the claims already set forth.

26        An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57

27  (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded

28  pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

## VI.   Order

In accordance with the above, IT IS HEREBY ORDERED:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

a.   An amended complaint curing the deficiencies identified in this order;

b.   A notice of election to stand on the complaint as filed; or

c.   A notice of voluntary dismissal.

5.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  June 16, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
agui2013.scrn

7