UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO AGUILAR., | No. 2:22-cv-02013 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| AMADOR COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Calaveras Adult Detention Facility, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint filed on July 17, 2023 (ECF No. 10), is before the court for screening. For the reasons set forth below, the amended complaint fails state a claim. Plaintiff may file a further amended complaint within 30 days of service of this order.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

2 A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

3 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

4 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal

5 theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical

6 inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.

7 Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

9 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

10 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

11 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

12 sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts

13 alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it

14 rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In

15 reviewing a complaint under this standard, the court accepts as true the allegations of the

16 complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer

17 v. Rhodes, 416 U.S. 232, 236 (1974).

18     **II.**    **Allegations in the First Amended Complaint**

19       Plaintiff was confined at the Amador County Jail during a COVID-19 lockdown. (ECF

20 No. 10 at 3.) The jail was operating at or above maximum occupancy levels which created unsafe

21 environments. (Id.) There were more than two inmates per cell for extended periods of time and

22 housing cells were being used as holding tanks. (Id.) There were no emergency buttons in cells.

23 (Id.) When these issues were brought up by inmates to the defendants, there was no help or

24 remedy given, and "[t]his was also answered with retaliation from Correctional Officers Ward,

25 Kerush, and Phillips." (Id.)

26       In addition, plaintiff was denied the opportunity to go outside "for months" during

27 COVID-19. (ECF No. 10 at 4.) Pertaining to this deprivation, "there were multiple [staff] on duty

28 including Sergeants Davis and Holstine." (Id.)

Also during lockdown due to the COVID-19 pandemic, plaintiff "was served something completely frozen and inedible for his special religious diet meal." (ECF No. 10 at 4.) When plaintiff asked Officer Kerush and Officer Phillips for the meal to be warmed up, both officers told the plaintiff to go lockdown in his cell. (Id.) Staff did not use gloves to pass out food, which was supervised by Officer Ward. (Id.) When plaintiff tried to address these issues, he was told to lock down, that the jail was not a hotel, and that plaintiff could not have it his way, which was a reference to Burger King. (Id.)

The defendants named in the first amended complaint are Correctional Captain Jeremy Martan, Lieutenant Stone, Sergeant Davis, and Sergeant Holstine. (ECF No. 10 at 2.) Plaintiff seeks monetary damages. (Id. at 6.)

### III. Discussion

#### A. 42 U.S.C. § 1983

To prevail in a § 1983 claim, a plaintiff must generally show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005). ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

In order to state a claim, plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and must allege an affirmative link between that conduct and the injury. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). "[P]laintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisors can be found liable if they "participated in or directed the violations," or "knew of the violations and failed to act to prevent them").

////

////

**B.     Denial of Outdoor Exercise or Recreation**

Plaintiff alleges he was denied the opportunity to go outside during the COVID-19 pandemic.[1] Plaintiff alleges this deprivation lasted "for months" and "there were multiple [staff] on duty including Sergeants Davis and Holstine." (ECF No. 10 at 4.) These allegations fall short of stating a claim.

There is no bright line test to determine if or when an inmate is constitutionally entitled to outdoor exercise. See Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 933 (9th Cir. 2021). For screening purposes, some district courts have found that inmates have stated potential constitutional conditions of confinement claims based on allegations that prison officials instituted modified program operations in response to the COVID-19 pandemic that severely restricted outdoor exercise. E.g., Marti v. Manning, No. 2:21-CV-01829 DB P, 2022 WL 4348289, at *6 (E.D. Cal. Sept. 19, 2022) (citing collected cases). "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." Smith v. Dart, 803 F.3d 304, 313 (7th Cir. 2015).

Here, the first amended complaint does not allege sufficient facts to state a claim based on the alleged denial of outdoor recreation or exercise. First, plaintiff does not allege any injury he suffered from the inability to go outside. Plaintiff cannot state a constitutional claim based on his conditions of confinement without setting forth a specific injury that he suffered as a result. See Rizzo, 423 U.S. at 371-72, 377. Second, plaintiff still has not sufficiently linked any individual defendant's actions or omissions to the restriction on outdoor exercise that he suffered. Alleging that certain staff were "on duty" does not suffice to plausibly suggest they were personally responsible for the alleged deprivation.

---

[1] It is not clear whether plaintiff was a pretrial detainee or was serving a sentence for a conviction at that time. If plaintiff was serving a sentence for a conviction, then the applicable standard is that of the Eighth Amendment, under which prison officials violate the Eighth Amendment if they are deliberately indifferent to a sufficiently serious threat to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (setting forth objective and subjective prongs). If plaintiff was a pretrial detainee, then the more protective Fourteenth Amendment standard governs his challenge to conditions of confinement. See Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004); Jackson v. Indiana, 406 U.S. 715, 738 (1972).

**B.     Other Conditions of Confinement**

    **1.     Overcrowding and "Unsafe" Conditions**

Plaintiff's allegations of overcrowding at the jail and "unsafe" conditions, as currently pleaded, do not suffice to state a claim. A claim that plaintiff was subjected to "unsafe" conditions is, by itself, too vague and conclusory to describe the specific conditions that deprived plaintiff of his rights. Plaintiff also does not allege any injury that resulted from the unsafe conditions or from staff allegedly not using gloves to pass out food, as required to state a claim. See Rizzo, 423 U.S. at 371-72, 377. Moreover, the allegations do not support a conclusion that any individual defendant's action or omission was responsible for putting plaintiff at substantial risk of suffering serious harm. See Barren, 152 F.3d at 1194. For these reasons, the first amended complaint fails to state a conditions of confinement claim based on alleged unsafe jail conditions.

    **2.     Retaliation**

Plaintiff alleges that when issues were brought up "by inmates," "[t]his was… answered with retaliation from Correctional Officers Ward, Kerush, and Phillips." (ECF No. 10 at 3.) To recover under 42 U.S.C. § 1983 for retaliation against an individual for an individual's exercise of freedom of speech, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006).

Here, plaintiff fails to allege a violation of his own rights, as opposed to the rights of other "inmates" who brought up issues to be answered with retaliation. Moreover, using the label "retaliation" does not suffice to state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to plead facts to state a claim).

    **3.     Religious Meal**

Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th

Cir. 1987). Allegations that prison officials refused to provide inmates a healthy diet conforming to their sincere religious beliefs can state a cognizable claim for denial of the First Amendment right to free exercise of one's religious practices and beliefs. See id.; Ward v. Walsh, 1 F.3d 873, 876-77 (9th Cir. 1993).

"The free exercise right… is necessarily limited by the fact of incarceration[ ] and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); see also Turner v. Safley, 482 U.S. 78, 89 (1987) ("When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). In order to establish a claim under the Free Exercise Clause, a plaintiff must show the defendants "substantially burdened" the practice of his or her religion. Shakur v. Schriro, 514 F.3d 878, 888 (2008).

The first amended complaint's allegations do not state a cognizable claim under the First Amendment. Plaintiff alleges his religious meal was served to him inedible and completely frozen. However, intrusions that are "relatively short-term and sporadic" do not generally constitute a substantial burden of an inmate's religious exercise. See Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998). Thus, the alleged refusal by Officer Kerush and Officer Phillips to warm up plaintiff's religious meal did not substantially burden the practice of his religion.

### IV. Conclusion and Order

Plaintiff's first amended complaint does not state any cognizable claims, but plaintiff is granted another opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file a further amended complaint, it should be titled "second amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Iqbal, 556 U.S. at 676-677.

Plaintiff is not obligated to file a further amended complaint. In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district

judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Therefore, in any further amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

**V.     Order**

In accordance with the above, IT IS HEREBY ORDERED:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

2. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a.   An amended complaint curing the deficiencies identified in this order;

    b.   A notice of election to stand on the complaint as filed; or

    c.   A notice of voluntary dismissal.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  August 8, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
agui2013.scrn.1ac